IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES MANDEVILLE, V, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-16-762-D |
| ) | |
| DEBORAH CROWLEY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **O R D E R**

Before the Court is Defendants' Motion to Dismiss [Doc. No. 16], filed pursuant to Fed. R. Civ. P. 12(b). Defendants Vicki Pinak, Pinak Law Firm, PLLC, and Deborah Crowley request the dismissal of this action for lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted. Plaintiff Charles Mandeville, V has responded in opposition to the Motion. The Motion is fully briefed and at issue.[1]

### **Factual and Procedural Background**

Plaintiff, who appears *pro se*, brings suit against his ex-wife, Deborah Crowley, and her divorce lawyer, Vicki Pinak and the Pinak Law Firm, PLLC. As pertinent to the Motion, Plaintiff asserts a civil rights claim under 42 U.S.C. § 1983 against all Defendants. He claims they conspired with a Texas trial judge who presided over the divorce case, and deprived him of personal property without due process of law through the entry of a divorce

---

[1] Defendants have not filed a reply brief within the time period authorized by LCvR7.1(i).

decree that awarded all of his retirement accounts to Crowley. Plaintiff also claims that Crowley breached a written property agreement executed in 2001 in New Mexico, which is the state in which they married in 2000 and resided during the marriage. He claims that Pinak and her law firm intentionally interfered with the property agreement. Plaintiff asserts that subject matter jurisdiction exists over the civil rights claim under 28 U.S.C. § 1331 and § 1343, and over the state law claims under 28 U.S.C. § 1332 because there is diverse citizenship between himself (an Oklahoma resident) and Defendants (Texas residents) and the amount in controversy exceeds $75,000.

The Complaint does not articulate a basis for the exercise of personal jurisdiction over Defendants in this forum.[2] With the Motion, Defendants submit the affidavits of Vicki Pinak (for herself and as a representative of her law firm) and Deborah Crowley that provide facts pertinent to personal jurisdiction. Defendants state that their dealings with Plaintiff regarding the divorce case occurred in Texas during the trial and appeal, and the only connection between any Defendant and the State of Oklahoma is that Plaintiff resides here. They submit copies of the final decree of divorce dated November 12, 2014, entered in Fort Bend County, Texas, following a jury trial, and the mandate of a Texas appellate court dated March 4, 2016, affirming the trial court's judgment.

---

[2] A federal court must determine that jurisdiction exists as a threshold matter before considering the merits of a case. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1999) (subject matter jurisdiction); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (personal jurisdiction). Upon examination of the issues raised by Defendants' Motion, the Court begins with personal jurisdiction.

In response to the Motion, Plaintiff argues generally that Defendants fail to present legal arguments or authorities to support dismissal of the action. With regard to personal jurisdiction, Plaintiff contends "a substantial – even critical – event occurred from action taken by the defendants within Oklahoma," namely, serving "the summons for [the Texas divorce] case on plaintiff within Oklahoma." *See* Pl.'s Resp. Br. [Doc. No. 21], p.4. Plaintiff argues that service of process on him in Oklahoma "was *fundamentally crucial* to anything else that happened" in the divorce case because it permitted the adjudication of his property rights by a Texas court and "forced plaintiff to participate in a proceeding in Texas." *Id*. p.5 (emphasis in original).

## Standard of Decision

Plaintiff has the burden of establishing personal jurisdiction over each defendant. *Benton v. Cameco Corp.*, 375 F.3d 1070, 1074 (10th Cir. 2004); *Intercon, Inc. v. Bell Atl. Internet Sol.*, 205 F.3d 1244, 1247 (10th Cir. 2000). If a Rule 12(b)(2) motion is decided without an evidentiary hearing on the basis of affidavits and written materials, Plaintiff need only make a *prima facie* showing that personal jurisdiction exists. *See Benton*, 375 F.3d at 1074; *Intercon*, 205 F.3d at 1247; *see also Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1159 (10th Cir. 2010). The Court must accept uncontroverted factual allegations as true and resolve all factual disputes in Plaintiff's favor. *Bartile Roofs*, 618 F.3d at 1159; *Benton*, 375 F.3d at 1074-75; *Intercon*, 205 F.3d at 1247. However, "even well-pleaded jurisdictional allegations are not accepted as true once they are controverted by

affidavit." *Shrader v. Biddinger*, 633 F.3d 1235, 1248 (10th Cir. 2011). When a defendant with access to operative facts submits an affidavit based on personal knowledge, the opposing party must create a genuine issue "through specific averments, verified allegations, or other evidence." *Id*.

**Discussion**

"[B]efore 'a federal court can assert personal jurisdiction over a defendant in a federal question case, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process.'" *Klein v. Cornelius*, 786 F.3d 1310, 1317 (10th Cir. 2015) (quoting *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000)) (internal quotation omitted); *see Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006). Because federal civil rights statutes do not authorize nationwide service of process, the federal rules authorize the application of the Oklahoma long-arm statute in this case. *See* Fed. R. Civ. P. 4(k)(1)(A);[3] *see also Trujillo*, 465 F.3d at 1217 (applying Rule 4(k)(1)(A) in § 1983 case). To establish personal jurisdiction of a nonresident defendant in a diversity case, "a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *See Bartile Roofs*, 618 F.3d at 1159 (internal quotation omitted).

---

[3] Rule 4(k)(1) provides generally regarding effective service as follows: "Serving a summons . . . establishes personal jurisdiction over a defendant: (A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located."

Under Oklahoma law, the personal jurisdiction inquiry is simply a due process analysis. *See Shrader*, 633 F.3d at 1239; *Intercon*, 205 F.3d at 1247. The familiar due process standard requires "minimum contacts" between the defendant and the forum state and a finding that the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291, 297 (1980); *Intercon*, 205 F.3d at 1247. The "minimum-contacts standard may be satisfied by showing general or specific jurisdiction." *See Bartile Roofs*, 618 F.3d at 1159-60; *see also Burger King*, 471 U.S. at 472. The only basis of jurisdiction implicated by Plaintiff's arguments is specific jurisdiction.[4]

Specific jurisdiction exists "if a 'defendant has "purposefully directed" his activities at residents of the forum . . . *and* the litigation results from alleged injuries that "arise out of or relate to" those activities.'" *Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d, 453, 455 (10th Cir. 1996) (quoting *Burger King*, 471 U.S. at 472) (emphasis added in *Kuenzle*); *see Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1071 (10th Cir. 2008). In this case, liberally construing Plaintiff's arguments due to his *pro se* status, he arguably asserts that specific jurisdiction exists over Defendants under the jurisdictional analysis for

---

[4] General jurisdiction exists only if a defendant has maintained "continuous and systematic general business contacts" with the forum state. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011); *see Daimler AG v. Bauman*, 134 S. Ct. 746, 760-61 (2014).

tort actions established by *Calder v. Jones*, 465 U.S. 783 (1984).[5] Plaintiff argues that Defendants targeted a significant act regarding the Texas divorce case at him in Oklahoma, thus permitting litigation related to that case to be brought here.

The Tenth Circuit has held that in a tort-based action "'purposeful direction' has three elements: (a) an intentional action . . . that was (b) expressly aimed at the forum state . . . with (c) knowledge that the brunt of the injury would be felt in the forum state." *See Niemi v. Lasshoffer*, 770 F.3d 1331, 1348 (10th Cir. 2014) (quoting *Newsome v. Gallacher*, 722 F.3d 1257, 1264-65 (10th Cir. 2013)); *see also Anzures v. Flagship Rest. Grp.*, 819 F.3d 1277, 1280 (10th Cir. 2016); *Dudnikov*, 514 F.3d at 1072. "In addition, a plaintiff's injuries must 'arise out of [the] defendant's forum-related activities.'" *Anzures*, 819 F.3d at 1280 (quoting *Dudnikov*, 514 F.3d at 1071) (internal quotation omitted).

In *Walden v. Fiore*, 134 S. Ct. 1115 (2014), the Supreme Court recently clarified the "purposeful direction" inquiry for specific jurisdiction in tort cases. "*Walden* teaches that personal jurisdiction cannot be based on [a defendant's] interaction with a plaintiff known to bear a strong connection to the forum state." *Rockwood Select Asset Fund XI (6)-1, LLC v. Devine, Millimet & Branch*, 750 F.3d 1178, 1180 (10th Cir. 2014). Under *Walden*, 134 S. Ct. at 1121, "the defendant's suit-related conduct must create a substantial connection with

---

[5] "In order to assess whether minimum contacts occurred in a contract case, we look at 'prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing.'" *AST Sports Science, Inc. v. CLF Distrib. Ltd*. 514 F.3d 1054, 1058 (10th Cir. 2008) (quoting *Burger King*, 471 U.S. at 479)). Plaintiff does not identify any facts regarding his alleged property agreement with Crowley that would permit a suit on that contract in Oklahoma.

the forum State." This "defendant-focused" inquiry requires that "the relationship between a defendant and the forum State must arise out of contacts that the defendant *himself* creates with the forum State," and those contacts must be "with the forum State itself, not the defendant's contacts with persons who reside there." *Id*. at 1122 (internal quotation omitted, emphasis in original); *see Anzures*, 819 F.3d at 1280. "[T]he plaintiff cannot be the only link between the defendant and the forum." *Walden*, 134 S. Ct. at 1122.

In this case, Plaintiff neither alleges in his Complaint nor identifies in his brief any conduct by Defendants that creates a substantial connection to Oklahoma. The only fact identified in his argument is that a summons for the Texas divorce case was served on Plaintiff in Oklahoma. Plaintiff provides no facts to establish how service was accomplished or who accomplished it. Further, this single act directed at Plaintiff in Oklahoma, based on the fortuitous circumstance that he resides here, is insufficient to establish a substantial connection with Oklahoma that would support personal jurisdiction over Defendants based on their conduct in the Texas case. The Court therefore finds that Plaintiff has failed to establish a sufficient basis for the exercise of specific personal jurisdiction over Defendants for this case in Oklahoma.

## Conclusion

For these reasons, the Court finds that Plaintiff has failed to make a *prima facie* showing of personal jurisdiction for his action against Defendants in this forum, and Defendants are entitled to the dismissal of this action against them.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss [Doc. No. 16] is GRANTED as set forth herein. Plaintiff's action is dismissed without prejudice for lack of personal jurisdiction. A separate judgment of dismissal shall be entered.

IT IS SO ORDERED this 30th day of November, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE